United States District Court
Southern District of Texas
**ENTERED**
April 08, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEROME SWEED, <br> TDCJ #01836773, <br><br> Petitioner, <br><br> vs. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-19-4146 |

## **MEMORANDUM AND ORDER**

State inmate Jerome Sweed has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. # 1], seeking relief from a prison disciplinary conviction entered against him while incarcerated by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). The respondent has filed a motion for summary judgment, arguing that the petition must be dismissed because Sweed fails to state a claim for which federal habeas relief can be granted [Doc. # 11]. Sweed has not filed a response and his time to do so has expired. After reviewing all of the pleadings and the applicable law, the Court concludes that this action must be dismissed for the reasons explained below.

## I. BACKGROUND

Commitment records provided by the respondent reflect that Sweed is currently confined in TDCJ as the result of two second-degree felony convictions from Harris County and Brazoria County for burglary of a habitation with intent to commit theft and burglary of a habitation [Doc. # 11-2, at 5-6].[1] These records reflect that Sweed also has a previous first-degree felony conviction from Brazos County for burglary of a habitation [*Id.*]. Sweed does not challenge any of his underlying state court convictions here. Instead, Sweed challenges the validity of a prison disciplinary conviction entered against him at the Ferguson Unit, where he was formerly confined before being transferred to a different facility [Doc. # 1, at 5].[2]

On June 12, 2019, Sweed was convicted in TDCJ Disciplinary Case No. 20190245140 of violating prison rules by attempting a "3-way phone call" [*Id.*]. The record contains copies of the TDCJ Disciplinary Report and Hearing Record as well as the Offense Report, explaining that the offense occurred when Sweed placed a

---

[1] Unless otherwise indicated, all page numbers for cites to the record reference the pagination inserted on each docket entry by the Court's Electronic Case Filing ("ECF") system.

[2] On March 18, 2020, Sweed notified the Clerk's Office that he has been transferred from the Ferguson Unit to the Beto Unit [Doc. # 15, at 1]. Although Sweed has not filed a response to the pending motion for summary judgment, the certificate of service for the respondent's motion confirms that it was sent to the correct address of record at the time it was filed [Doc. # 11, at 14].

call to his wife in one of the prison day rooms and then asked her to then call a third-party "real quick" after giving her another phone number [Doc. # 10-1, at 3-4]. As punishment, Sweed lost commissary privileges for 45 days, telephone privileges for 60 days, and visitation privileges through October 12, 2019 [Doc # 1, at 5]. He was also assigned extra work duty and reduced in classification status from L1 to L2 [*Id.*]. In addition, Sweed forfeited 30 days of previously earned good-time credit [*Id.*]. Sweed challenged his disciplinary conviction through the two-step administrative grievance process, but his appeal was unsuccessful [*Id.* at 5-6].

Sweed now seeks federal habeas corpus relief from his disciplinary conviction, asserting that the charges against him were "bogus" and resulted in "falsified state documents," referencing the TDCJ Disciplinary Hearing Report and Record, in violation of the right to due process [*Id.* at 6-7]. Sweed contends further that the charges were filed in "retaliation" for verbal and written complaints that Sweed's wife had made against two officials at the Ferguson Unit (Warden Jones and Captain Howard) [*Id.* at 6]. The respondent maintains that the petition must be dismissed because Sweed is not entitled to habeas relief as a matter of law under the standard that governs prison disciplinary proceedings.

## II. DISCUSSION

### A. Habeas Relief is Not Available

To prevail on habeas corpus review, a petitioner must demonstrate that he is confined "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). In the disciplinary hearing context, a prisoner's constitutional rights are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (observing that state-created liberty interests protected by the Due Process Clause are limited to punishments which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

It is well established that a Texas inmate can demonstrate a due process violation in connection with a prison disciplinary conviction only if he first satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (explaining that only those Texas inmates who

are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit). Although Sweed forfeited good-time credit as the result of his disciplinary conviction, he cannot establish a due process violation in this instance. In that regard, records confirm that he has a prior state court conviction for first-degree burglary of a habitation [Doc. # 11-2, at 5-6], which excludes him from eligibility for mandatory supervision under the governing Texas statute. *See* Tex. Gov't Code § 508.149(a)(13) (excluding from eligibility for mandatory supervision inmates who have been convicted of certain enumerated offenses, including first-degree felony burglary of a habitation). Without eligibility for mandatory supervision, Sweed cannot show that his good-time credit was forfeited in violation of due process. *See Malchi*, 211 F.3d at 957-58.

None of the other punishments imposed at Sweed's disciplinary proceeding implicate due process concerns. To the extent that Sweed lost privileges and was assigned additional work duties, these sanctions are "merely changes in the conditions of [an inmate's] confinement" that do not "represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Likewise, the Fifth Circuit has held that reductions in a prisoner's classification status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211

F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Absent a showing that Sweed was subjected to punishment in violation of the Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Therefore, the respondent's motion for summary judgment on this issue will be granted.

B. **Retaliation Claims**

The respondent has raised additional arguments about Sweed's retaliation claim, in which Sweed alleges that the disciplinary charges at issue were filed against him as part of a pattern of harassment or retaliation by officials at the Ferguson Unit.[3] The Court does not reach these arguments, however, because claims of improper retaliation by correctional officers and officials concern conditions of confinement, which must be challenged in a civil action under 42 U.S.C. § 1983. *See, e.g., Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). Civil rights claims are not actionable in a federal habeas proceeding because the writ of habeas corpus provides a remedy only for prisoners challenging the "fact or duration" of confinement and is not properly used as an avenue for relief from conditions of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

---

[3] In support of this claim, Sweed has submitted a cover letter and supplemental exhibits, consisting of correspondence written by his wife to prison officials and records from another disciplinary case that was filed against Sweed at the Ferguson Unit [Doc. # 6, at 1-46].

6

The Fifth Circuit has counseled that if a prisoner's initial pleading contains both habeas and civil rights claims under 42 U.S.C. § 1983, the district court should separate the claims for consideration. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)). It is not appropriate, however, to consider civil rights claims in a habeas proceeding because of requirements imposed by the Prison Litigation Reform Act ("PLRA"). Unlike habeas proceedings, the PLRA requires prisoners asserting civil rights claims under § 1983 to pay the filing fee for a civil action even if they receive leave to proceed *in forma pauperis*.[4] *See* 28 U.S.C. § 1915(b). In addition, a court is required by the PLRA to review the pleadings and "dismiss the case" if it determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) (setting forth the same grounds). A prisoner who incurs three dismissals or "strikes" loses his eligibility to proceed *in forma pauperis* and may be barred from

---

[4] The filing fee for a federal habeas proceeding is $5.00 and the fee for a civil action is $350.00, plus a $50.00 administrative fee. *See* 28 U.S.C. 1914(a)-(b). If a prisoner qualifies for leave to proceed *in forma pauperis*, the $50.00 administrative fee is waived, but he must still pay the $350.00 filing fee by installment from his inmate trust fund account. *See* 28 U.S.C. § 1915(b). Sweed has not requested leave to proceed without prepayment of the filing fee in a civil action or provided the documentation required for purposes of establishing indigence by the PLRA. *See* 28 U.S.C. § 1915(a)(2).

7

filing suit unless he can show that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Accordingly, the Court declines to convert this habeas proceeding into a civil action under 42 U.S.C. § 1983 or allow the petitioner to evade the PLRA, which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). *See also Brown v. Megg*, 857 F.3d 287, 292 (5th Cir. 2017) (observing that a strike may be imposed under the PLRA only where the entire "action" is dismissed for one of the grounds listed in 28 U.S.C. § 1915(g)). To the extent that Sweed has attempted to raise claims of retaliation that are not actionable in a habeas corpus proceeding, the Court will dismiss those claims without prejudice to re-filing them in a separate civil rights action that is governed by 42 U.S.C. § 1983 and subject to provisions found in the PLRA.

### III.   **<u>CERTIFICATE OF APPEALABILITY</u>**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Because the petition in this case does not satisfy this standard, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 11] is **GRANTED**, in part, with respect to the petitioner's request for federal habeas relief.

2. The petition for a writ of habeas corpus filed by Jerome Sweed [Doc. # 1] is **DENIED**, and this habeas proceeding is **DISMISSED with prejudice** for failure to state a claim upon which federal habeas relief may be granted.

3. Sweed's retaliation claim is **DISMISSED without prejudice** to re-filing in a separate civil action governed by 42 U.S.C. § 1983 and the Prison Litigation Reform Act.

4. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on <u>April 8</u>, 2020.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE